IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Pennsylvania Full Court Press, Inc.<br>401 South Narberth Avenue<br>Narberth, PA 19072<br>                  Plaintiff<br>  v.<br><br>Nolo, Inc. a/k/a Nolo<br>909 N. Sepulveda Blvd., 11th Floor<br>El Segundo, CA 90245<br>               &&<br>Internet Brands, Inc.<br>909 N. Sepulveda Blvd., 11th Floor<br>El Segundo, CA 90245<br>                  Defendant | Case No.<br><br><br>Civil Action |

## COMPLAINT

Plaintiff, Pennsylvania Full Court Press, Inc., by and through its undersigned counsel, brings the instant Complaint against Defendants, Nolo, Inc. a/k/a Nolo and Internet Brands, Inc., and in support thereof, avers the following:

1. Plaintiff, Pennsylvania Full Court Press, Inc., is a Pennsylvania corporation with a registered business address located at 401 South Narberth Avenue, Narberth, PA 19072.

2. Defendant, Nolo, Inc. a/k/a Nolo ("Nolo"), is a California corporation with a registered business address located at 909 N. Sepulveda Blvd., 11th Floor, El Segundo, CA 90245.

3. Defendant, Internet Brands, Inc. ("Internet Brands"), is a California corporation with a registered business located at 909 N. Sepulveda Blvd., 11th Floor, El Segundo, CA 90248.

4. According to Nolo's website, www.nolo.com, Nolo is a wholly owned subsidiary of Internet Brands, Inc., and is the integration of some of the Internet's first legal information sites, including Nolo.com, Divorcenet.com and Alllaw.com.

5. Nolo also claims that its network of over 50 web properties makes it "one of the web's largest libraries of consumer-friendly legal information" and that, in 2010, Internet Brands acquired the technology platform, ExpertHub, and added six leading niche sites to ExpertHub, including Divorcenet.com

6. This matter arises under the United States Copyright Act of 1976, as amended, §§ 101, *et seq*. (the "Act").

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

8. This Court has personal jurisdiction over Defendants since each Defendant has engaged in continuous and systematic business activity, or has contracted to supply goods or services in the Eastern District of the Commonwealth of Pennsylvania.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COUNT I – DIRECT INFRINGEMENT

10. On May 2, 1994, Plaintiff registered the book titled, <u>No-Fault Divorce in Pennsylvania: A Guide to the Law, With Forms For Filing Your Own Divorce</u> (the "Book") with the United States Copyright Office under registration number TX0003887911. The Book is an original work of authorship.

11. On or about February 26, 2003, Plaintiff granted Defendants' and/or their predecessor, LawTek Media Group, LLC, a one (1) year exclusive right to publish and sell an electronic edition of the Book on its website, www.Divorcenet.com (the "License"), from the date of first electronic publication.

12. The License expired on February 26, 2004.

13. Defendants, through their websites, including but not limited to, www.Divorcenet.com, unlawfully publicly offered for sale and sold the Book as a downloadable document after the License expired.

14. Plaintiff did not authorize, permit or consent for Defendants to distribute copies of the Book for public sale or to copy or authorize copying of the Book.

15. As a result of the foregoing, Defendants violated Plaintiff's exclusive right to:

    (a) Reproduce the copyrighted Book in violation of Sections 106(1) and 501 of the Act;

    (b) Redistribute copies of the copyrighted Book to the public by sale or other transfer of ownership, or by rental, lease or lending, in violation of Sections 106(3) and 501 of the Act; and,

    (c) Display the copyrighted Book, in violation of Sections 106(5) and 501, by showing individual images of the Book on its website(s)

16. Defendants' "willfully" infringed Plaintiff's copyright within the meaning of Section 504(c)(2) of the Act.

17. Plaintiff has suffered actual damages that were proximately caused by each of the Defendants, including lost sales, price erosion and a diminution of the value of its copyright.

WHEREFORE, Plaintiff respectfully requests that the Court:

    (A) Permanently enjoin each Defendant and all other persons or entities who are in active concert or participation with each Defendant from continuing to infringe Plaintiff's copyrighted Book;

    (B) Order that each Defendant delete and permanently remove the copy of the copyrighted Book from all of the computers in Defendant's possession, custody or control;

(C) Award Plaintiff the greater of its actual damages and any additional profits of the Defendants pursuant to 17 U.S.C. § 504(a) or (b); or statutory damages in the amount of $150,000.00 per Defendant pursuant to 17 U.S.C. § 504(a) and (c);

(D) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and,

(E) Grant Plaintiff any and all other and further relief this Court deems just and proper.

## COUNT II – CONTRIBUTORY INFRINGEMENT

18      Plaintiff incorporates all of the foregoing paragraphs as though fully set forth at length herein.

19.     Each of the Defendants induced, caused or materially contributed to the infringing conduct of the other Defendant.

20.     Plaintiff did not authorize, permit or consent to Defendants' inducing, causing or materially contributing to the infringing conduct of the other Defendant.

21.     Each Defendant knew or should have known that the other Defendant was directly infringing Plaintiff's copyrighted Book by copying, displaying and selling the Book on its website(s).

22.     Each Defendant directly participated in and therefore materially contributed to the other Defendant's infringing activities.

23.     Each of the Defendants' contributory infringement was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

24.     Plaintiff has suffered actual damages that were proximately caused by each of the Defendants, including lost sales, price erosion and a diminution of the value of its copyright.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin each Defendant and all other persons or entities who are in active concert or participation with each Defendant from continuing to infringe Plaintiff's copyrighted Book;

(B) Order that each Defendant delete and permanently remove the copy of the copyrighted Book from each of the computers under each Defendant's possession, custody or control;

(C) Find that each Defendant is jointly and severally liable for the direct infringement of each other Defendant;

(D) Award Plaintiff the greater of its actual damages and any additional profits of the Defendants pursuant to 17 U.S.C. § 504(a) or (b); or statutory damages in the amount of $150,000.00 per Defendant pursuant to 17 U.S.C. § 504(a) and (c);

(E) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and,

(F) Grant Plaintiff any and all other and further relief this Court deems just and proper.

Respectfully submitted,

ANDREW L. MILLER & ASSOCIATES, P.C.

By: _____
Andrew L. Miller, Esquire
15 St. Asaph's Road
Bala Cynwyd, PA 19004
T: (610) 617-1776
F: (610) 664-9435
E-mail: Amiller@amillerlaw.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Pennsylvania Full Court Press, Inc.

### DEFENDANTS
Nolo, Inc. a/k/a Nolo & Internet Brands, Inc.

**(b)** County of Residence of First Listed Plaintiff  Philadelphia, Pennsylvania
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Los Angeles County, California
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew L. Miller, Esquire, Andrew L. Miller & Associates, P.C., 15 St. Asaph's Road, Bala Cynwyd, PA 19004, 610-617-1776

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☒ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S. Copyright Act of 1976, §§ 101, et seq.

Brief description of cause:
Direct/Contributory Infringement of a Copyrighted Book

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE /11/2013

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 124 E. Chestnut Hill Avenue, Philadelphia, PA 19118

Address of Defendant: 909 N. Sepulveda Blvd., 11th Floor, El Segundo, CA 90242

Place of Accident, Incident or Transaction: _____
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☐

Does this case involve multidistrict litigation possibilities?  Yes☐ No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) copyright infringement

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)
I, Andrew L. Miller, Esquire, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 2/11/13  _____  55994
                  Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/11/13  _____  55994
                  Attorney-at-Law           Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Pennsylvania Full Court Press, Inc. : CIVIL ACTION
:
v. :
:
Nolo, Inc. a/k/a Nolo & Internet Brands, Inc. :
: NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| 2/11/13 | Andrew L. Miller, Esquire | Plaintiff, Pennsylvania Full Court Press, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-617-1776 | 610-664-9422 | AMiller@amillerlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Pennsylvania Full Court Press, Inc.           :
                                              :
              V.                              :           Civil Action
                                              :           No: _____
Nolo, Inc. a/k/a Nolo                         :
&                                             :
Internet Brands, Inc.       DISCLOSURE STATEMENT FORM

Please check one box:

☒     The nongovernmental corporate party, Pennsylvania Full Court Press, Inc.
      , in the above listed civil action does not have any parent corporation and
      publicly held corporation that owns 10% or more of its stock.

☐     The nongovernmental corporate party, _____
      , in the above listed civil action has the following parent corporation(s) and
      publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

  2/18/13                                       _____
   Date                                         Signature  Andrew L. Miller, Esquire

              Counsel for:  Pennsylvania Full Court Press, Inc.

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
  (a)   WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file
        two copies of a disclosure statement that:
        (1)   identifies any parent corporation and any publicly held corporation
              owning 10% or more of its stock; or

        (2)   states that there is no such corporation.

  (b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
        (1)   file the disclosure statement with its first appearance, pleading,
              petition, motion, response, or other request addressed to the court;
              and
        (2)   promptly file a supplemental statement if any required information
              changes.